**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PATRICK DARNELL PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-12-0735-HE |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Patrick Darnell Phillips, a prisoner appearing *pro se*, filed this action

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Consistent with 28 U.S.C.

§ 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Suzanne

Mitchell, who recommended that the petition be denied.  As petitioner objected to the Report

and Recommendation, the court has conducted a de novo review of the magistrate judge's

determination.

Petitioner makes two objections to the Report and Recommendation.  First, he argues

that the magistrate judge should have found that the Oklahoma Court of Criminal Appeals

("OCCA")  unreasonably applied Jackson v. Virginia, 443 U.S. 307 (1979), in his appeal

because there was insufficient evidence to convict him of first degree child abuse murder.

Specifically, petitioner argues that the state failed to prove that he caused the fatal injuries

to the victim.  Second, petitioner objects to the magistrate judge's finding that the petitioner

was not entitled to an instruction as to a lesser included offense.  He argues that the jury

should have been instructed on a lesser included offense based on his negligent failure to

provide medical care to the victim.

Habeas relief is only appropriate if the conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Jackson Court recognized the constitutional right to sufficient evidence of guilt. *Id.* at 324. Petitioner argues that the OCCA unreasonably applied Jackson because a "rational trier of fact could have found that insufficient evidence existed for first degree murder. . . ." [Doc. #24, pg. 1].

Petitioner's argument fails because he misstates the appropriate standard. A prisoner appealing his conviction under § 2254 "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson at 324. Habeas relief is proper, therefore, not where a rational jury *could* have found insufficient evidence to convict, but where *no* rational jury could have found sufficient evidence to convict. So, the question here is whether the OCCA unreasonably applied Jackson when it concluded that a rational jury could have found petitioner guilty beyond a reasonable doubt.

As the magistrate judge noted, Jackson "must be applied with explicit reference to the substantive elements of the criminal offense defined by law." *Id.* at 324 n.16. The elements of first degree child abuse murder in Oklahoma are 1) the death of a child under eighteen years of age, 2) which resulted from the willful or malicious injuring or use of unreasonable

force, 3) by petitioner. 21 Okla. Stat. § 701.7(C). Petitioner objects to element three, arguing that there was insufficient evidence that he was the cause of the victim's injuries.

The magistrate judge examined the state's evidence, and determined that there was sufficient evidence to conclude that petitioner was the cause of the victim's injuries. This included evidence that the victim was "behaving normally and seemed 'fine' all during the day, but then stopped breathing when he was alone with [p]etitioner," evidence showing that the victim's level of brain damage and number of bruises were inconsistent with petitioner's version of the story, testimony from a medical expert who found no evidence of any prior brain injuries, and the fact that petitioner had "repeatedly changed his version of events." Based on this evidence, the court agrees with the magistrate judge that the OCCA properly applied Jackson.

In petitioner's second objection to the Report and Recommendation, he argues that the jury should have been instructed on a lesser included offense based on negligence, as opposed to the willful or malicious standard under the first degree child abuse murder statute. As the magistrate judge discussed, the Supreme Court has never recognized a constitutional right to a lesser included offense instruction in non-capital cases. *See* Tiger v. Workman, 445 F.3d 1265, 1268 (10th Cir. 2006). Rather, the Tenth Circuit has recognized, in non-capital cases, a rule of "automatic non-reviewability" for claims based on a court's failure to instruct on a lesser included offense. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The court agrees with the magistrate judge's conclusion that habeas relief is unavailable based on this ground.

After conducting a de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #20]. Petitioner's petition for habeas relief [Doc. #1] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2013.

                                           _____

JOE HEATON
UNITED STATES DISTRICT JUDGE